

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**JUDGE ZAGEL**

**MAGISTRATE JUDGE KIM**

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>ARTURO FLORES, also known as )<br>("aka") "Cerillo," )<br>Jose Arturo Flores, )<br>FERNANDO ACEVEDO-MARCHAN, )<br>JOSE HERRERA, )<br>RUBIN GARCIA, )<br>RANULFO SOBERANIS-CAMPOS, )<br>aka "Cebollo" ) | No. **11CR 643**<br><br>Violations: Title 21, United States Code, Sections 846, 841(a)(1), 843(b) and Title 18, United States Code, Section 2<br><br>**FILED**<br>SEP 2 0 2011<br>MICHAEL W. DOBBINS<br>CLERK, U.S. DISTRICT COURT |

<u>**COUNT ONE**</u>

The SPECIAL FEBRUARY 2011-1 GRAND JURY charges:

1.      Beginning no later than in or about July 2010, and continuing until on or about June 21, 2011, in the Northern District of Illinois, and elsewhere,

>    ARTURO FLORES, aka "Cerillo,"
>    FERNANDO ACEVEDO-MARCHAN,
>    JOSE HERRERA,
>    RUBIN GARCIA, and
>    RANULFO SOBERANIS-CAMPOS, aka "Cebollo"

conspired with each other, with Louis Gambino, and others known and unknown to the Grand Jury, to knowingly and intentionally possess with intent to distribute and distribute a controlled substance, namely 1 kilogram or more of mixtures and substances containing a detectable amount of heroin, a Schedule I Controlled Substance, and 500 grams or more of mixtures and substances containing a detectable amount of cocaine, a Schedule II Controlled

Substance, in violation of Title 21, United States Code, Section 841(a)(1).

2. It was part of the conspiracy that ARTURO FLORES operated and directed a drug distribution organization (hereinafter "the Flores Organization"), which was responsible for the distribution of multi-kilogram quantities of heroin and cocaine, in the Chicago, Illinois area and elsewhere.

3. It was part of the conspiracy that ARTURO FLORES arranged to obtain and obtained wholesale quantities of heroin and cocaine from drug suppliers and brokers, including Gerardo Hernandez, Jesus Serrano Lorenzana, and sources in Mexico, on behalf of the Flores Organization, for retail to others.

4. It was part of the conspiracy that the drug suppliers frequently "fronted" the heroin and cocaine to ARTURO FLORES, meaning that the heroin and cocaine was provided without requiring full payment at the time of delivery, with the understanding that ARTURO FLORES would pay in full for the narcotics after the Flores Organization had sold the narcotics to its customers and collected payment from those customers.

5. It was part of the conspiracy that FERNANDO ACEVEDO-MARCHAN assisted ARTURO FLORES in selling distribution quantities of heroin and cocaine to customers in the Chicago, Illinois area, including Domingo Blount and Gabriel Bridges. FERNANDO ACEVEDO-MARCHAN assisted by, among other things, negotiating quantities for the sale of narcotics, ensuring that the customer had the money to pay for the narcotics, collecting proceeds for the narcotics, arranging for the transfer of the narcotics from the Flores Organization to the customer, and for the transfer of the proceeds for the

narcotics to the Flores Organization.

6. It was further part of the conspiracy that JOSE HERRERA distributed wholesale quantities of narcotics on behalf of the Flores Organization to customers in the New York, New York area and elsewhere, which enabled the Flores Organization to collect proceeds to pay its suppliers.

7. It was further part of the conspiracy that the Flores Organization used couriers to move narcotics and narcotics proceeds between the supply side and distribution arm of the Flores Organization, including: (a) RUBIN GARCIA, who delivered narcotics from the supplier level to the distribution level of the Flores Organization; and (b) RANULFO SOBERANIS-CAMPOS, who picked up payment from the distribution level and brought the payment to the supplier level of the Flores Organization.

8. It was further part of the conspiracy that defendants and their co-conspirators concealed, misrepresented, and hid, and caused to be concealed, misrepresented, and hidden, the existence and purpose of the conspiracy and the acts done in furtherance of the conspiracy, including but not limited to the use of coded language and counter-surveillance techniques to avoid detection and apprehension by law enforcement authorities;

In violation of Title 21, United States Code, Section 846.

## COUNT TWO

The SPECIAL FEBRUARY 2011-1 GRAND JURY further charges:

On or about November 4, 2010, at approximately 3:16 p.m. (Call #14043), in the Northern District of Illinois, and elsewhere,

>ARTURO FLORES, aka "Cerillo," and
>FERNANDO ACEVEDO-MARCHAN

defendants herein, did knowingly and intentionally use a communication facility, namely, a cellular telephone, in committing and in causing and facilitating the commission of a felony violation of Title 21 United States Code, Section 846, namely, conspiracy to possess with intent to distribute and distribute a controlled substance as charged in Count One of this Indictment;

In violation of Title 21, United States Code, Section 843(b).

## **COUNT THREE**

The SPECIAL FEBRUARY 2011-1 GRAND JURY further charges:

On or about November 6, 2010, at Chicago, in the Northern District of Illinois, and elsewhere,

ARTURO FLORES aka "Cerillo," and
FERNANDO ACEVEDO-MARCHAN,

defendants herein, did knowingly and intentionally distribute a controlled substance, namely 1 kilogram or more of a mixture and substance containing a detectable amount of heroin, a Schedule I Controlled Substance;

In violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

## COUNT FOUR

The SPECIAL FEBRUARY 2011-1 GRAND JURY further charges:

On or about November 24, 2010, at approximately 9:51 a.m. (Call #34395), in the Northern District of Illinois, and elsewhere,

> ARTURO FLORES, aka "Cerillo," and
> FERNANDO ACEVEDO-MARCHAN

defendants herein, did knowingly and intentionally use a communication facility, namely, a cellular telephone, in committing and in causing and facilitating the commission of a felony violation of Title 21 United States Code, Section 846, namely, conspiracy to possess with intent to distribute and distribute a controlled substance as charged in Count One of this Indictment;

In violation of Title 21, United States Code, Section 843(b).

## COUNT FIVE

The SPECIAL FEBRUARY 2011-1 GRAND JURY further charges:

On or about November 24, 2010, at Chicago, in the Northern District of Illinois, and elsewhere,

>ARTURO FLORES aka "Cerillo," and
>FERNANDO ACEVEDO-MARCHAN,

defendants herein, did knowingly and intentionally distribute a controlled substance, namely 1 kilogram or more of a mixture and substance containing a detectable amount of heroin, a Schedule I Controlled Substance,

In violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## COUNT SIX

The SPECIAL FEBRUARY 2011-1 GRAND JURY further charges:

On or about December 27, 2010, at approximately 2:09 p.m. (Call #146), in the Northern District of Illinois, and elsewhere,

JOSE HERRERA,

defendant herein, did knowingly and intentionally use a communication facility, namely, a cellular telephone, in committing and in causing and facilitating the commission of a felony violation of Title 21, United States Code, Section 846, namely, conspiracy to possess with intent to distribute and distribute a controlled substance as charged in Count One of this Indictment;

In violation of Title 21, United States Code, Section 843(b).

## COUNT SEVEN

The SPECIAL FEBRUARY 2011-1 GRAND JURY further charges:

On or about February 8, 2011, at approximately 8:21 p.m. (Call #393), in the Northern District of Illinois, and elsewhere,

JOSE HERRERA

defendant herein, did knowingly and intentionally use a communication facility, namely, a cellular telephone, in committing and in causing and facilitating the commission of a felony violation of Title 21, United States Code, Section 846, namely, conspiracy to possess with intent to distribute and distribute a controlled substance as charged in Count One of this Indictment;

In violation of Title 21, United States Code, Section 843(b).

## COUNT EIGHT

The SPECIAL FEBRUARY 2011-1 GRAND JURY further charges:

On or about February 9, 2011, at Cicero, in the Northern District of Illinois, and elsewhere,

RUBIN GARCIA,

defendant herein, did knowingly and intentionally distribute a controlled substance, namely 1 kilogram or more of a mixture and substance containing a detectable amount of heroin, a Schedule I Controlled Substance;

In violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

## COUNT NINE

The SPECIAL FEBRUARY 2011-1 GRAND JURY further charges:

On or about February 9, 2011, in the Northern District of Illinois, and elsewhere,

ARTURO FLORES, aka "Cerillo,"

defendant herein, did knowingly and intentionally possess with intent to distribute a controlled substance, namely 1 kilogram or more of a mixture and substance containing a detectable amount of heroin, a Schedule I Controlled Substance;

In violation of Title 21, United States Code, Section 841(a)(1).

## COUNT TEN

The SPECIAL FEBRUARY 2011-1 GRAND JURY further charges:

On or about February 10, 2011, in the Northern District of Illinois, and elsewhere,

JOSE HERRERA,

defendant herein, did knowingly and intentionally possess with intent to distribute a controlled substance, namely 1 kilogram or more of a mixture and substance containing a detectable amount of heroin, a Schedule I Controlled Substance;

In violation of Title 21, United States Code, Section 841(a)(1).

## COUNT ELEVEN

The SPECIAL FEBRUARY 2011-1 GRAND JURY further charges:

On or about February 11, 2011, at approximately 8:22 p.m. (Call #596), in the Northern District of Illinois, and elsewhere,

RANULFO SOBERANIS-CAMPOS, aka "Cebollo,"

defendant herein, did knowingly and intentionally use a communication facility, namely, a cellular telephone, in committing and in causing and facilitating the commission of a felony violation of Title 21, United States Code, Section 846, namely, conspiracy to possess with intent to distribute and distribute a controlled substance as charged in Count One of this Indictment;

In violation of Title 21, United States Code, Section 843(b).

## COUNT TWELVE

The SPECIAL FEBRUARY 2011-1 GRAND JURY further charges:

On or about February 18, 2011, at approximately 3:51 p.m. (Call #3417), in the Northern District of Illinois, and elsewhere,

> ARTURO FLORES, aka "Cerillo," and
> FERNANDO ACEVEDO-MARCHAN,

defendants herein, did knowingly and intentionally use a communication facility, namely, a cellular telephone, in committing and in causing and facilitating the commission of a felony violation of Title 21, United States Code, Section 846, namely, conspiracy to possess with intent to distribute and distribute a controlled substance as charged in Count One of this Indictment;

In violation of Title 21, United States Code, Section 843(b).

## **COUNT THIRTEEN**

The SPECIAL FEBRUARY 2011-1 GRAND JURY further charges:

On or about February 18, 2011, at Chicago, in the Northern District of Illinois, and elsewhere,

>    ARTURO FLORES aka "Cerillo," and
>    FERNANDO ACEVEDO-MARCHAN,

defendants herein, did knowingly and intentionally distribute a controlled substance, namely 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II Controlled Substance;

In violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## FORFEITURE ALLEGATION

The SPECIAL FEBRUARY 2011-1 GRAND JURY further alleges:

1. The allegations of Counts One through Twenty-One of this Indictment are incorporated here for the purpose of alleging that certain property is subject to forfeiture to the United States, pursuant to the provisions of Title 21, United States Code, Section 853.

2. As a result of their violations of Title 21, United States Code, Sections 841(a)(1), 843(b), and 846, as alleged in the foregoing Indictment,

>ARTURO FLORES, aka "Cerillo,"
>FERNANDO ACEVEDO-MARCHAN,
>JOSE HERRERA,
>RUBIN GARCIA, and
>RANULFO SOBERANIS-CAMPOS, aka "Cebollo,"

defendants herein, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853(a)(1) and (2): (1) any and all property constituting and derived from, any proceeds they obtained, directly and indirectly, as a result of the violations of Title 21, United States Code, Sections 841(a)(1), 843(b), and 846; and (2) any and all of property used, or intended to be used, in any manner or part, to commit and facilitate the commission of the violations of Title 21, United States Code, Sections 841(a)(1), 843(b), and 846.

3. The interests of the defendants subject to forfeiture to the United States pursuant to Title 21, United States Code, Section 853 include, but are not limited to, the following:

    a. 2005 black Nissan Pathfinder, VIN 5N1AR18W65C745698;

    b. 2006 silver Nissan Pathfinder, VIN 5N1AR18W96C616761;

      c.      2001 white Toyota Tacoma, VIN 5TESN92N61Z845704;

      d.      approximately $144,500 seized from RANULFO SOBERANIS-CAMPOS on or about February 12, 2011;

      e.      approximately $5,059 seized from ARTURO FLORES on or about June 21, 2011;

      f.      approximately $3,400 seized from JOSE HERRERA on or about June 21, 2011;

      g.      approximately $22,074 seized from RANULFO SOBERANIS-CAMPOS on or about June 21, 2011; and

      h.      approximately $172,000 representing proceeds of unlawful drug trafficking.

      4.      If any of the property described above as being subject to forfeiture pursuant to Title 21, United States Code, Section 853(a), as a result of any act or omission of the defendants:

      a.      cannot be located upon the exercise of due diligence;

      b.      has been transferred to, sold to, or deposited with a third person;

      c.      has been placed beyond the jurisdiction of the Court;

      d.      has been substantially diminished in value;

      e.      has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States to seek forfeiture of substitute property belonging to defendants under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1);

All pursuant to Title 21, United States Code, Section 853.

A TRUE BILL:

_____
FOREPERSON